**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ALAN LLOYD SESS,                :
                                        Civil Action No. 09-4762 (RBK)
       Petitioner,     :

       v.              :  **OPINION**

THE UNITED STATES OF AMERICA, :
et al.,
       Respondents.    :

**APPEARANCES:**

Petitioner pro se                  Counsel for Respondents
Alan Lloyd Sess                    John Andrew Ruymann
F.C.I. Fort Dix                    Assistant U.S. Attorney
P.O. Box 2000                      402 East State Street
Fort Dix, NJ 08640                 Suite 430
                                   Trenton, NJ 08608

**KUGLER**, District Judge

    Petitioner Alan Lloyd Sess, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named Respondents are the United States of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

America, the Federal Bureau of Prisons, Director Harley G. Lappin, and Acting Warden M. Heffron.

Because it appears from a review of the parties submissions that Petitioner is not entitled to relief, the Petition will be denied.

I. BACKGROUND

Petitioner challenges the Bureau of Prisons computation of his sentences under two federal convictions. The operative facts are as follows:

On October 17, 1986, Petitioner was sentenced in the United States District Court for the District of Rhode Island to an eight-year term of imprisonment, for knowingly, intentionally, and unlawfully possessing with intent to distribute a Schedule I non-narcotic controlled substance, in violation of 21 U.S.C. 841(A)(1). See United States v. Sess, Criminal No. 86-106-08 (D.R.I.). On October 28, 1986, Petitioner was sentenced in the District Court for the Northern District of California to a five-year term of imprisonment, for conspiracy to import marijuana, in violation of 21 U.S.C. § 963; this sentence was to run concurrently with the sentence imposed in the District of Rhode Island. See United States v. Sess, Criminal No. 85-0024 (N.D. Cal.).

Petitioner failed to voluntarily surrender for service of his sentences; instead, Petitioner fled to Spain. Accordingly,

2

on December 11, 1986, the District Court for the District of Rhode Island issued an arrest warrant.

On February 19, 2001, Petitioner was arrested in Spain.  On March 14, 2001, Petitioner was indicted for drug offenses, unrelated to the California and Rhode Island offenses, in the District Court for the Eastern District of New York, and an arrest warrant was issued.  See United States v. Sess, Criminal No. 01-0273 (E.D.N.Y.).  Petitioner was extradited to the United States, on both the Rhode Island and New York warrants.

Pending disposition of the 2001 charges, which were based on Petitioner's arrest in Spain, Petitioner remained in the custody of the United States Marshals Service.

On July 22, 2003, Petitioner entered a guilty plea, pursuant to a plea agreement, to count one of the 2001 indictment. Sentencing was repeatedly adjourned; Petitioner asserts that the adjournments were to allow him to perform his cooperation agreement.

On November 17, 2006, Petitioner was sentenced in the District Court for the Eastern District of New York to a 100-month term of imprisonment, "with credit for time served," for conspiracy to distribute and possession with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 866 and 21 U.S.C. § 841(A)(1) and (B)(1)(A)(VII).

Petitioner was delivered to the Bureau of Prisons on March 2, 2007. The Federal Bureau of Prisons calculated Petitioner's federal sentences after he was delivered to BOP custody and has projected a release date, based on good conduct time release, of April 14, 2014.[2] Specifically, the Bureau of Prisons calculated that Petitioner's 1986 sentence commenced on November 15, 2002, the day he first entered exclusive federal custody following his extradition. The BOP awarded 635 days of prior custody credit, reflecting one day for May 1, 1986, the date he was arrested for his first offense (he was released on bond the same day) and 634 days for the period from February 19, 2001, when he was arrested in Spain, through November 14, 2002, the day before he entered federal custody following his extradition. The BOP calculated a mandatory release date, on the 1986 sentence, of January 11, 2007, a date preceding Petitioner's arrival at his designated BOP facility, having passed while he was still in custody of the U.S. Marshals Service following entry of judgment, on November 17, 2006, in the 2001 District of New York proceedings. Because the mandatory release date predated Petitioner's arrival at a BOP facility, the BOP deemed the sentence satisfied and released

---

[2] An initial sentence computation failed to take into account the 1986 sentence. This summary is based upon the revised sentence computation, which accounted for both the 1986 and 2006 sentences.

Petitioner from his first sentence via mandatory release on January 11, 2007.

Petitioner's 100-month sentence, imposed in the District of New York, was silent as to whether it was to be served concurrently with or consecutive to the undischarged 1986 sentence. Pursuant to 18 U.S.C. § 3584(a), the BOP determined that the 2006 sentence was to be served consecutively to the 1986 sentence. Thus, the BOP determined that the 2006 sentence commenced on the date that Petitioner was released from his first sentence, that is, on January 11, 2007. In computing the term of this sentence, the BOP did not grant any prior custody credit, as it had already awarded that time to the calculation of the 1986 sentence. Petitioner's anticipated release date on the 2006 sentence, taking into account anticipated good time credits, is April 14, 2014.

Petitioner challenges this calculation. Petitioner contends (1) that the BOP calculation deprived him of eligibility for parole consideration on the "old law" sentence, (2) that the BOP failed to properly credit the time he spent in custody in Spain during extradition proceedings related to both the 1986 sentence and the 2001 indictment, and that the BOP failed to properly credit the time he spent in pre-trial detention after his extradition.

The parties' submissions are complete and this matter is ready for determination.

## II. ANALYSIS

The Attorney General is responsible for computing federal sentences for all offenses committed since 1966, see United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. §§ 3568 and 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992). For crimes committed before November 1, 1987, the computation of a federal sentence is governed by 18 U.S.C. § 3568, commonly referred to as "old law" sentences.[3] Section 3568 was repealed as part of the Sentencing Reform Act. See Pub.L. 98-473, Title II, c. II, §§ 212(a)(2) & 235(a)(1), 98 Stat. 1987, 2031 (1984). For crimes committed on or after November 1, 1987, the

---

[3] Section 3568 provides, in pertinent part:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed ...

If any such person shall be committed to jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

computation of a federal sentence is governed by 18 U.S.C. § 3585, commonly referred to as "new law" sentences.[4]

Under both the "old law" and "new law" schemes, computation of a federal sentence is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence.

"Old law" sentences run concurrently unless ordered to run consecutively. Conversely, under the "new law," "[m]ultiple terms of imprisonment imposed at different times run

---

[4] Section 3585 provides, in pertinent part:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

consecutively unless the Court orders that the terms are to run consecutively." 18 U.S.C. § 3584(a).

"New law" sentences cannot be aggregated with "old law" sentences.  See Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual CCCA, Page 1-5; Pizarro v. Federal Bureau of Prisons, 2005 WL 1177942 (D.N.J. May 18, 2005) (Simandle, J.).  If a "new law" sentence is to be served consecutively to an "old law" sentence, the "new law" sentence acts as a detainer until the inmate is released on the "old law" sentence.  See Davis v. Wiley, 2009 WL 5585288 (D.Colo. May 26, 2009), Report and Recommendation adopted in pertinent part, 2010 WL 331916 (D.Colo. Jan. 28, 2010), aff'd, 2010 WL 2017675 (10th Cir. May 21, 2010).

Here, the BOP properly computed Petitioner's "old law" sentence first, crediting to that sentence the time spent in confinement in Spain during extradition proceedings and the time spent in pre-trial detention on the 2001 indictment.  Similarly, the BOP correctly determined that Petitioner's 2006 "new law" sentence commenced on January 11, 2007, when he was released on the "old law" sentence.  The "new law" sentence was required, by 18 U.S.C. § 3584(a), to run consecutively to the "old law" sentence.  In addition, pursuant to 18 U.S.C. § 3585(b), the BOP properly declined to credit Petitioner with any time that had already been credited to the "old law" sentence.  See Wilson v.

Herrera, 55 F.Supp.2d 1148 (D.Colo.), aff'd, 194 F.3d 1321 (10th Cir. 1999).

Petitioner has directed this Court to no law suggesting that the calculation of his "old law" sentence should be adjusted based on the failure of the U.S. Parole Commission to consider Petitioner for parole or based on the failure to BOP officials to provide to Petitioner forms for applying for parole, see 28 C.F.R. 2.11, nor has this Court located any support for that suggestion. Petitioner admits that he knew he needed to apply for parole and that he failed to make such application. Accordingly, the suggestion that the calculation of his "old law" sentence should be adjusted, after the fact, to account for the failure of the Parole Commission to consider Petitioner for parole is meritless. Nor is Petitioner aided by the fact that the BOP failed to provide a parole application form at his request. To the contrary, the appropriate course of action would have been for Petitioner to timely file an action challenging either the failure of the BOP to provide him with a parole application form or the failure of the Commission to hold a parole hearing. Petitioner cannot sleep on his rights and then seek, after the fact, an adjustment to the calculation of his sentence.

The Court notes that the situation presented here differs from the situation in Ruggiano v. Reish, 307 F.3d 121 (3d Cir.

2002) and Escribano v. Schultz, 330 Fed.Appx. 21 (3d Cir. 2009), in which those prisoners argued that the sentencing judges there, who had ambiguously sentenced each of those prisoners to a term of months, including "credit for time served," actually intended to make a sentencing adjustment under United States Sentencing Guidelines § 5G1.3, rather than to award a credit for time served under 18 U.S.C. § 3585.  Petitioner does not make that argument here.  Petitioner has not submitted a copy of his plea agreement or any transcripts of his plea or sentencing hearings suggesting that the written judgment is at odds with the plea agreement or oral sentence.  Although Petitioner did appeal his sentence, he withdrew that appeal.  See United States v. Sess, Case No. 06-5585 (2d Cir.).  Petitioner has not argued before the sentencing court that he was misled in entering his plea, nor has he sought to withdraw that plea.  See United States v. Sess, Criminal No. 01-0273 (E.D.N.Y.).  Thus, Petitioner has nowhere argued a defect in the plea or sentencing proceeding.  To the contrary, the issue here is solely the accuracy of the Bureau of Prisons computation of Petitioner's sentence under §§ 3568 and 3585.

    Moreover, while Petitioner argues here that the computation of his sentences was of paramount importance to him, and that his counsel inquired of the Bureau of Prisons how his sentences would be calculated, Petitioner does not provide this Court with any evidence of written or oral assurances from the BOP, during his

10

pre-trial detention, as to the computation of his sentence.  Nor does he provide this Court with any evidence that he made the sentencing court in the Eastern District of New York aware of that concern, or that he argued for any adjustment to his sentence in light of that concern, or that the sentence was imposed in a manner to respond to that concern.  In this regard, this Court finds it revealing that the sentencing court did not order the "new law" sentence to be run concurrently with the undischarged "old law" sentence.  In short, Petitioner has provided this Court with <u>no</u> evidence that it should interpret the sentencing Court's sentence to a term of months, "with credit for time served," as anything other than an instruction to the BOP to award Petitioner the appropriate credits under § 3585.

Petitioner is not entitled to relief.  The Petition will be denied.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.

<u>s/Robert B. Kugler</u>
Robert B. Kugler
United States District Judge

Dated: July 15, 2010

11